UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEE MONTGOMERY,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JARED LOZANO,<br><br>　　　　　Respondent. | No. 2:20-cv-0515 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis.

I.　Application to Proceed In Forma Pauperis

　　　Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. ECF No. 2. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

II.　Procedural History

　　　In 2000, petitioner was sentenced on his 1999 convictions for attempted murder, assault with a firearm, and being a felon in possession of a firearm in Case No. VC49034, and on his 1996 conviction for sale of a controlled substance in Case No. VC41797. ECF No. 1 at 1, 14, 22. He received a total sentence of thirty years to life in Case No. VC49034. Id. at 22, 24. In Case No. VC41797, he was sentenced to one year and four months, to run concurrent with his sentence

1

in Case No. VC49034. Id. 22, 32. In October 2018, the California Department of Corrections and Rehabilitation notified the court of a potential sentencing error with regard to Case No. VC41797 because the sentencing triad for the offense was three, four, or five years, and petitioner was sentenced to one year and four months. Id. at 17, 30. As a result, petitioner received a letter and amended abstract of judgement in January 2019, advising him that his sentence in Case No. VC41797 had been amended to three years to run concurrent with his sentence in Case No. VC49034. Id. at 17, 26, 29.

### III. Petition

Petitioner argues that the correction of his sentence violated his rights under the Fifth Amendment because it constituted double jeopardy, under the Sixth Amendment because he was denied a jury trial, and under the Fourteenth Amendment because the court increased his sentence and failed to strike or dismiss his firearm enhancement under Senate Bill (SB) 620. Id. at 2, 6.

### IV. Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires the court to summarily dismiss a habeas petition, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." For the reasons explained below, the petition fails to state a cognizable claim for relief and should be dismissed.

#### A. Double Jeopardy

The Double Jeopardy Clause "protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense." Monge v. California, 524 U.S. 721, 728-29 (1998) (citation omitted). However, it is generally "inapplicable to sentencing proceedings because the determinations at issue do not place a defendant in jeopardy for an 'offense.'" Id. at 729 (internal citations omitted). "Only after the defendant acquires a reasonable expectation of finality in the severity of a sentence does further enhancement constitute double jeopardy under the fifth amendment." United States v. Kane, 876 F.2d 734, 736 (9th Cir. 1989) (citations omitted). "Generally, a defendant can acquire no expectation of finality in an illegal sentence, which remains subject to modification." Id. at

737 (citations omitted).  In California, "where the court is required to impose a certain minimum term but imposes a lesser term instead, the unauthorized sentence is considered invalid or 'unlawful' and may be increased even after execution of the sentence has begun."  People v. Karaman, 4 Cal. 4th 335, 349 n.15 (1992) (in bank) (citations omitted).

In this case, the state court corrected petitioner's sentence after it became aware that the sentence imposed was less than the minimum term.  ECF No. 1 at 2, 29-30.  Because the originally imposed sentence was less than the minimum term, it was unlawful and subject to modification at any time.  Accordingly, petitioner could not have a reasonable expectation of finality in his sentence and the correction to his sentence does not constitute double jeopardy as a matter of law.

### B. Right to a Jury

"The Sixth Amendment provides that those 'accused' of a 'crime' have the right to a trial 'by an impartial jury.'  This right, in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt."  Alleyne v. United States, 570 U.S. 99, 104 (2013) (citations omitted).  Petitioner generally alleges that the state court's correction of his sentence deprived him of his right to a jury.  ECF No. 1 at 2, 6.  However, it is clear from the petition and attachments that the state court merely corrected petitioner's sentence to comply with the mandatory minimum set forth by statute and did not alter petitioner's conviction or any factual findings as to any elements of the crime.  Id. at 2, 6, 9-10, 29-30.  Accordingly, petitioner's sentencing modification does not implicate his Sixth Amendment rights as a matter of law.

### C. Due Process

A petitioner may seek federal habeas relief from a state-court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Matters relating solely to the interpretation or application of state law are not cognizable on federal habeas review.  Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law." (citations omitted)).

////

Petitioner's claim that he was entitled to have his firearm enhancements stricken or dismissed under SB 620 when his sentence was corrected is not cognizable in this forum, because it is purely a matter of state law.  Any question as to the applicability of SB 620 does not support a claim for federal habeas relief, because challenges to a state court's interpretation or application of state sentencing laws does not give rise to a federal question cognizable in federal habeas. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (citation omitted)); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (habeas relief "is unavailable for alleged error in the interpretation or application of state law" (citation omitted)); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (declining to address "[w]hether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions [because it] is a question of state sentencing law" (citation omitted)).

The only exception is where "the state court's finding was so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." Lewis, 497 U.S. at 780 (citation omitted).  Here petitioner cannot show that the state court acted in an arbitrary or capricious manner, because attachments to the petition show that under state law the correction of his sentence did not constitute a recall and resentencing such that he was entitled to a hearing and consideration under SB 620.  ECF No. 1 at 9-10.  Accordingly, there can have been no federal constitutional violation.

V.     Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.  Therefore, no certificate of appealability should issue.

////

VI.  Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your petition be dismissed because the state court's correction of your sentence did not violate your constitutional rights. The increase in your sentence did not violate double jeopardy because the original sentence was illegal and under California law could be fixed at any time. Because the court's correction of your sentence did not require the court to decide any facts about your conviction, there was no right to a jury trial. Finally, whether SB 620 applied to your sentence is a question of state law and not something this court can decide.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 2) is granted.

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 27, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE